IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 07-5006-CV-W-ODS |
| EAGLEPICHER TECHNOLOGIES, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER AND OPINION (1) GRANTING DEFENDANT'S MOTION TO DISMISS AND (2) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

EaglePicher Technologies, LLC filed for bankruptcy relief on April 11, 2005. The bar date for filing claims was September 30, 2005. Both the EEOC and Barbara McCollum filed claims in that proceeding and they remain pending. Meanwhile, on June 28, 2006, the bankruptcy court approved the Second Amended Joint Plan of Reorganization ("the Plan"). Under the Plan, EaglePicher Technologies transferred its assets to two new companies – New HoldCo and NewCos – free and clear of all liens and claims. The Plan also required EPT to change its legal name to "Old EPT, LLC." The NewCos later changed its name to New EaglePicher Technologies, LLC, and the name was changed again later to EaglePicher Technologies, LLC.

Obviously, with the repetition of similar names, confusion may be spawned. For ease of discussion, the debtor in the above-referenced paragraph shall be referred to as "Old EPT" and the entity originating as NewCos and now known as EaglePicher Technologies shall be referred to as "New EPT."

Barbara McCollum worked for Old EPT, and she alleges she was subjected to retaliation for complaints of discrimination commencing in September 2004. Plaintiff is acting pursuant to its statutory authority to enforce Title VII of the Civil Rights Act, but

serious questions have been raised regarding its authority to act in light of the bankruptcy and whether it is suing the proper entity.

This suit was filed in January 2007, by which time the entity known as EaglePicher Technologies was New EPT – and that is the entity Plaintiff has named, served, and sued. New EPT filed a motion to dismiss, arguing that it was not a successor in interest to Old EPT and had, pursuant to the Plan, merely purchased Old EPT's assets. Plaintiff did not specifically address this argument, instead contending its suit was not barred by the automatic stay. In a June 25, 2007, Order directing the parties to supplement their briefs, the Court characterized this argument as a "non sequitur" and further observed Plaintiff had not specifically responded to New EPT's arguments.

Plaintiff now seeks permission to file a First Amended Complaint that would name Old EPT as the lone defendant. In justifying its request, Plaintiff explains it was not aware that the name "EaglePicher Technologies" is now used by a different corporate entity, and it never intended to name New EPT as the defendant. Thus, Plaintiff now concedes New EPT – the lone defendant in the case as presently postured – should not be a defendant in this case. Curiously, Plaintiff opposes dismissal of New EPT, because it never intended New EPT to be a defendant. This does not make a lot of sense, given that New EPT is the entity named, served, and appearing in this proceeding. New EPT should be dismissed in order to expedite its exit from a case Plaintiff concedes it never should have been involved in.

All that remains, then, is to determine whether to allow Plaintiff to amend its Complaint to name Old EPT as the defendant. Plaintiff points to cases determining bankruptcy courts lack jurisdiction over discrimination claims, but its characterization overstates the cases. The cases involve the bankruptcy court's ability to decide unliquidated claims for which a right to trial would exist. If one of the parties refuses to surrender its right to a jury trial, the matter must be decided by the district court – and the phrase "the district court" usually means the court that has referred the bankruptcy case to the bankruptcy court. Old EPT filed its bankruptcy case in the Southern District of Ohio, so if Plaintiff's claim is not decided by the bankruptcy court in the Southern

2

District of Ohio it will be decided by the district court in that district (unless that court elects to allow the case to be tried in this district).  Cf. 28 U.S.C. § 157(b)(5).  There is no indication that this matter has been presented, much less resolved, by the federal courts in Ohio.  Under these circumstances, the best course of action is to reject the requested amendment unless and until permission to litigate in this district is granted by the bankruptcy court or district court in the Southern District of Ohio.

     EaglePicher Technologies, LLC, is dismissed.  This determination has no effect on any claims Plaintiff wishes to pursue against Old EPT.  The motion for leave to file an amended complaint is denied without prejudice to any of Plaintiff's rights.  The combination of these rulings ends this case.

IT IS SO ORDERED.

DATE: August 28, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT